IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:23-CR-3028 |
| vs. | |
| JAL THONG, | ORDER |
| Defendant. | |

Defendant Jal Thong has objected (filing 26) to the Magistrate Judge's progression order (filing 21) excluding, for Speedy Trial Act purposes, the time between March 6, 2023 and a scheduled status conference on May 19, 2023, based on her finding that this case is "unusual and complex." The Court will overrule the defendant's objection.

BACKGROUND

There are two defendants in this case: Thong and co-defendant Latjor Gony. Filing 1. They're charged with multiple counts of burglary of a pharmacy, along with one count of conspiracy to possess controlled substances with intent to distribute them. Filing 1. It is worth noting that the alleged burglaries span several different dates and each took place in different local jurisdictions. *See* filing 1.

Thong made his initial appearance in this case first, on Friday, March 3, 2023. Filing 14. Toward the end of the initial appearance, the Assistant U.S. Attorney prosecuting the case explained that the discovery in this case is voluminous, and suggested that because of the time it would take defense counsel to examine the evidence, it might be better to set a 60-day status

conference instead of a 30-day pretrial motions deadline. Filing 14. But Thong's counsel said that he would prefer a 30-day deadline, which he could move to continue if it proved necessary. Filing 14.

The Magistrate Judge—*at that time*—ordered a 30-day pretrial motions deadline, and informed Thong's counsel that if a motion to continue that deadline was filed, a hearing would be held to consider how to proceed. Filing 14. But, the Magistrate Judge cautioned counsel, the Court did not want to be in the position of reexamining the issue every 30 days—in other words, that case progression would either be expedited or extended, but that it wouldn't be done piecemeal. *See* filing 14.

The situation changed, however, after co-defendant Gony made his initial appearance on Monday, March 6, 2023. Filing 19. The AUSA again explained, for the benefit of Gony's counsel, that the discovery was voluminous: The government would be providing it to defense counsel on a hard drive, it contained the results of several search warrants from a dozen different investigations, and included (among other things) text messages, photographs, videos, GPS/location data, and DEA reports. Filing 19. The AUSA opined that it would take defense counsel some time to go through that material, as it had taken the AUSA months to do himself. Filing 19.

Unlike Thong's counsel, Gony's counsel did not oppose extending the case progression—he agreed to setting a May 19, 2023 status conference in lieu of a 30-day pretrial motions deadline. Filing 19. And that's what was reflected in the joint progression order entered by the Magistrate Judge. Filing 21. The order provides that "[w]ith Defendant's consent, the court finds that the time between today and May 19, 2023 is excluded under the Speedy Trial Act because this case is 'unusual and complex,' and is exempted from the time restrictions of that Act, 18 U.S.C. 3161(h)(7)(B)(ii)." Filing 21 at 2.

STANDARD OF REVIEW

Factual findings about the Speedy Trial Act are reviewed for clear error, and legal conclusions de novo. *See United States v. Harlan,* 960 F.3d 1089, 1092 (8th Cir. 2020); *see also* 28 U.S.C. § 636(b), But it's not immediately obvious whether the finding that a case is "unusual" or "complex" is a question of fact or law. Out of caution, the Court has reviewed the issue de novo. *Cf. United States v. Hohn,* 8 F.3d 1301, 1304 n.5 (8th Cir. 1993).

DISCUSSION

The Speedy Trial Act provides for exclusion, when computing the time within which trial must commence, of

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his [or her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). And among the factors to be considered in determining whether to continue case progression in service of the "ends of justice" is

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

§ 3161(h)(7)(B)(ii). "Congress clearly meant to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases." *Zedner v. United States*, 547 U.S. 489, 508 (2006). Finally, also relevant here is the exclusion of a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." § 3161(h)(6).

Thong's objection primarily seems to take issue with the progression order's description of the "Defendant's consent" to the finding that this case is unusual and complex. *See* filing 26 at 1. To be fair to Thong's counsel, he didn't consent to that finding. *See* filing 14. But to be fair to the Magistrate Judge, the order says "Defendant's consent," not "Defendants' consent." *See* filing 21 at 2. In any event, the issue now is whether the record supports such a finding. The Court finds that it does.

Thong's counsel, in fact, explains little in that regard: He simply argues that "allowing defense counsel an opportunity to review discovery material then address whether it is a complex case at a regularly scheduled status conference would allow defense counsel to take a more informed position." Filing 26 at 2. In other words, right now, he doesn't know whether the case is complex or not because he hasn't seen the discovery. Well, that's fair enough. But the AUSA's explanation of the basis for finding this case to be unusual and complex was credible and, in the Court's view, offered in good faith. Gony's counsel was entitled to credit that, and to agree with the Magistrate Judge that the best way to progress the case was to set an extended date for a status conference. And a co-defendant's need for additional time to review the evidence and prepare for trial warrants extending case progression for everyone. *See, e.g., United States v. Cooke*, 853 F.3d 464, 472 (8th Cir. 2017).

At its heart, the disagreement before the Court is how far down the road to kick the can: Thong's counsel would prefer to go a little at a time, while the USA, Gony's counsel, and the Magistrate Judge think it makes more sense to give this case a good long kick, at least the first time, rather than having to continually revisit it. Both views have some merit, but the Court agrees with the Magistrate Judge. Even Thong's counsel isn't committed to speedily progressing this case to trial—he would simply prefer to wait and see—but it's reasonably clear to the Court already that additional time will be necessary for the defendants to prepare this case for pretrial motions and trial. The Court also notes that should that *not* prove to be the case, nothing would prevent either or both defendants from filing an appropriate motion demanding a trial date be set. At this point, however,

IT IS ORDERED that the defendant's objection (filing 26) is overruled.

Dated this 14th day of March, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge